# IN THE UNITED STATES DISTRICT COURT
# FOR THE STATE OF SOUTH DAKOTA

**FILED**
DEC 18 2017


CLERK

| | |
|---|---|
| MARTY NOBLE AND HOLLI TELFORD | CIVIL No. **5:17-cv-5088** |
| Plaintiffs | **OBJECTION TO DEFENDANT S BOARDWALK, POULSEN and POULSEN AND SKOUSEN'S (1) NOTICE OF SPECIAL APPEARANCE AND (2) ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| AMERICAN NATIONAL PROPERTY & CASUALTY INSURANCE CO; BOARD-WALK PROPERTY MANAGEMENT CO., KEVIN WEST, LEHI OASIS, LLC; DAVID L PARKER, AUSTIN B. CALES; JARED ELDRIGE in his official Capacity, LARRY DEITER in his official official capacity as Director for the Division of Insurance for the state of South Dakota, ROBERT J. POULSEN and POULSEN & SKOUSEN | **REQUEST TO SCHEDULE A CONTEMPT HEARING RE THESE DEFENDANT'S FRAUD COMMITTED UPON THIS COURT IN DOCUMENT NOS. 14 AND 15 AND TO SEEK DEFAULT JUDGMENT SANCTIONS AGAINST THESE DEFENDANTS IN FAVOR OF PLAINTIFFS FOR THESE DEFENDANT'S FRAUD** |
| Defendants | |

**1. The Defendants Have Engaged In Fraud Upon This Court In Their Doc Nos. 14 and 15; Hence Justifying A Denial Of Any Enlargement Of Time to Respond And Compelling Entry of Default Sanctions in Plaintiffs Favor Under Rule 11**

Defendants Boardwalk Property Management Company, Robert J. Poulsen, and Poulsen & Skousen, filed a special appearance motion as Doc. 14 on December 16, 2017 denying submission to this court's jurisdiction and not waiving any issues with respect to this court's jurisdiction over their persons, service of process and failure to state a claim.

Immediately thereafter, these same defendants filed a motion for enlargement of time to respond to Plaintiff's Summons and First Amended Complaint for **ANOTHER 21 days**

1

after service of the summons and purported Complaint had made upon these defendants on November 27, 2017. See Doc. 15.

The fraud presented by these defendants comes into play in Doc. 15 through the claim that Plaintiffs caused the defendants to be served with the Complaint on November 27, 2017, and further, fraudulently asserting that it was unclear that Plaintiffs ever served the First Amended Complaint on these defendants.

First and foremost as to Doc. 14, failure to state a claim does not fall under a special appearance motion.

Second, every defendant subject of Doc #'s 14 and 15 were served with the Summons **and First Amended Complaint** on November 27, 2017 at 3:55 pm and 4:30 pm respectively.

Third, every service made as well as the process served, was videotaped with exception of the second service made on Judge Jared Eldridge at his courthouse.

Fourth, Plaintiff's asked each Defendant, their agent or their manager in charge of their office and receiving service of the summons and First Amended Complaint, to sign the extra caption pages to the FAC retained by Plaintiffs' process server – so as to get a judicial admission "in writing" as to what operative complaint was received by each defendant. All Defendants refused to have their receiving agents/officers or managers sign the caption pages retained by Plaintiff's process server with exception of the first service made on the Utah Governor's office re Defendant Judge Jared Eldridge at 3:05 p.m. on November 27, 2017. The Utah Governor's Deputy Chief of staff Micheal Mower signed the caption page of Plaintiff's FAC upon receipt. See exhibit "1" attached hereto for Mower's executed signature. Accordingly there is no question of which complaint was served by Plaintiffs on November 27, 2017. Furthermore, since individual defendants West, Poulsen and Eldridge denied Plaintiffs access to them personally for service of process because they were in "meetings" or sitting on the bench, plaintiffs were allowed to serve these defendants through their office managers or persons in charge of their offices and blocking access to these individuals pursuant to these individual's instructions.

Accordingly, these defendants assertion that the complaint was served on these defendants on November 27, 2017 as opposed to the First Amended Complaint, that the personal service was not proper, or that this court lacks personal jurisdiction over the defendants based on the federal question claims in Plaintiff's SAC and bearing a nationwide

2

service of process provision, CONSTITUTES A BLATANT FRAUD UPON THIS COURT as well as a rule 11 violation. Therefore, Plaintiffs request that this Court schedule a contempt hearing where Plaintiffs can present their service videotapes and subpoena the Utah Governor's Deputy Chief of staff Micheal Mower to testify as to what complaint and summons was served on the defendants on November 27, 2017. Once prevailing on these contempt proceedings, Plaintiffs should be entitled to default judgment sanctions against these defendants and any other defendant purporting to commit a fraud upon this court to Plaintiffs prejudice.

### 2. The Defendants Filing Of False Pleadings Before This Court Has Cemented Jurisdiction In This Forum

In Critique Services, LLC v. LaToya L. Steward (8th Cir. 2015), the 8th circuit citing to Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir. 1990) and Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167 (1939), has long held that the **defense of a lack of personal jurisdiction may be lost by submission to personal jurisdiction through conduct** or by implication). Federal courts have consistently held that a defendant submits to the jurisdiction of the court where their attorney files false process before the court to procure the court to rule a certain way. See Chevron v. Donziger, 14-0826 (2nd Cir. 2016) (the attorneys took actions to make sure that the sitting judges would decide the matters a certain way in their favor.); Melton v. Blankenship, No. 08- 5346 (6th Cir. 2009) **(an attorney and/or law firm can violate the mail and wire fraud statutes by perpetrating frauds involving litigation."** ); Handeen v. Lemaire, 112 F.3d 1339 (8th Cir. 1997) (the defendant law firm went well beyond merely offering legal advice or filing legal documents, they conspired to deprive the plaintiff of his rights to collect on a judgment by manipulating the bankruptcy process); Eisen, 974 F.2d at 253 (affirming RICO conviction of lawyer whose "misrepresentations in pleadings and pretrial submissions were made to manipulate the outcome of the proceedings); United States v. Thaler, 229 F.App'x 7, 10 (2d Cir. 2007) (affirming mail and wire fraud convictions against disbarred attorney . . . for filing false process in a court of law."); Bucks v. Buc-ees, 8:08-cv-00519-LSC (NE, 2009)(this court finds that Buc-ee's actions in filing its fraudulent opposition before the TTAB were done for the "very purpose" of having "consequences felt in the forum state"); **De Manez v. Bridgestone Firestone N. Am. Tire, LLC, 533 F.3d 578, 587 (7th Cir. Ind. 2008)** (district court had personal jurisdiction over

lawyer **who submitted a false affidavit to the district court that he knew would be relied upon to determine an issue);** Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 513 (1972) ("Misrepresentations[] *** in the adjudicatory process" cannot "seek[] refuge under the umbrella of the first amendment 404 U.S. 508, 513 (1972), and **are not a "legitimate exercise[] of the right to petition.");** Courts "are not at liberty to rewrite RICO" to exempt wrongdoers from liability, even in the name of what is claimed to be "good policy." Bridge, 553 U.S. at 660.

In this action, the corporate entities through their attorney have filed false process before this court compounding the civil RICO crimes already alleged and leading the First Amended Complaint. By their Doc no. 15, these defendants have committed one act of wire fraud, 18 USC 1343, one act of obstruction of the due administration of justice 18 USC 1505, and one act of witness tampering 18 USC 1512; all remedial through the Civil RICO statute. Accordingly, personal jurisdiction has further been cemented in this court.

### 3. The Defendants Have Waived All Objections to This Court's Jurisdiction Over their Persons by Filing An Affirmative Motion To Enlarge Time to Respond To Plaintiff's First Amended Complaint

In Roso v. Henning, 1997 SD 82, the South Dakota Supreme Court citing to Peterson v. McMillan, 70 S.D. 56, 58, 14 N.W.2d 97, 98 (1944) held that a written stipulation between parties **extending time for answer constituted general appearance.**); See also State Ex Rel. White v. Brandt, 2008 SD 33 (The term "appearance" is construed liberally citing Roso,1997 S.D. 82, ¶ 7, 566 N.W.2d at 139. In South Dakota, **Brandt's request for DNA testing put the State on notice that Brandt intended to defend** against the lawsuit and therefore constituted an appearance in the action.);

In this action, the foregoing defendants have filed a motion for enlargement of time to respond to Plaintiff's First Amended Complaint; the complaint that these defendants were actually served. By filing this motion, these defendants have waived all objections to personal jurisdiction according to ROSO supra.

### 4. The Defendants Have Not Provided A Sufficient Good Cause Justification For Granting An Extension of Time Tor Respond To Plaintiffs First Amended Complaint

When seeking an extension of time upon good cause grounds, the defendants are required to articulate "a good cause" ground. Here, these defendants claimed to have just retained pro hac vice counsel at the midnight hour, and to justify their extension, these defendants have fraudulently denied that they were served the First Amended Complaint at the outset on November 27, 2017. What is evident by this OBJECTION is that the defendants were in fact served with Plaintiffs operative amended complaint 21 days ago and had more than sufficient time to prepare any "bona fide" (emphasis added) answer to Plaintiff's complaint. These defendants have not laid forth sufficient grounds for any extension, and if this court were to grant such an extension, it would be condoning these defendants fraud upon this court.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs ask this court to (1) deny Defendants Boardwalk Property Management Company, Robert J. Poulsen, and Poulsen & Skousen' motion for an enlargement of time to file an answer or otherwise respond, (2) schedule a contempt hearing to address these defendants fraud committed upon this court and (3) to grant Plaintiffs a default judgment in their favor as to these defendants for their rule 11 violations and fraud committed upon this court upon as established by Plaintiffs videotaped evidence, the corroborative evidence signed by Mike Mover, and Mike Mower's testimony if necessary.

Dated: December 18, 2017

_____  _____
Holli Lundahl              Marty Noble