UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| MARTY NOBLE and HOLLI TELFORD, | ) | Case No. 5:17-cv-5088 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| AMERICAN NATIONAL PROPERTY & | ) | **MOTION TO DISMISS** |
| CASUALTY INSURANCE CO., | ) | |
| BOARDWALK PROPERTY MANAGEMENT | ) | |
| CO., KEVIN WEST, LEHI OASIS, LLC, | ) | |
| DAVID L. PARKER, AUSTIN B. CALES, | ) | |
| JARED ELDRIGE in his official capacity, | ) | |
| LARRY DEITER in his official capacity as | ) | |
| Director for the Division of Insurance for the | ) | |
| State of South Dakota, ROBERT J. POULSEN | ) | |
| and POULSEN & SKOUSEN, | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW Defendants, Boardwalk Property Management Company, Kevin West, Austin Cales, David Parker, Lehi Oasis, LLC, Robert J. Poulsen, and Poulsen & Skousen (collectively "Boardwalk Defendants") by and through Rebecca L. Mann of Gunderson, Palmer, Nelson & Ashmore, LLP, their attorneys, and hereby submits this Memorandum in Support of Motion to Dismiss Pursuant to Fed. R. Civ P. 12(b)(2) and 12(b)(6). This Court lacks personal jurisdiction over the Boardwalk Defendants and Plaintiffs' claims fail to state a claim upon which relief can be granted.

## BACKGROUND

This action is brought by Marty Noble and Holli Telford, a/k/a Holli Lundahl ("Lundahl"). "Lundahl frequently uses aliases" and "is known for filing abusive, vexatious and frivolous actions and pleadings throughout this nation and even in the Supreme Court of the United States." *Nelson v. Mountain West Farm Bureau Mutual Insurance Co.*, 209 F. Supp. 3d

1130, 1131 (D. Neb. 2016). Lundahl "has employed numerous aliases in her past litigation including, but not limited to, H.M. Telford, M.H. Telford, Marti Telford, Holli Lundahl, H. Lundahl, H.T. Lundahl, Marti Lundahl, and Holly Mattie Telford." *Lundahl v. Nar Inc.*, 434 F. Supp.2d 855, 860 n.2 (D. Idaho 2006); *see also Lundahl v. Zimmer*, 296 F.3d 936, 937 (10th Cir. 2002) (noting Ms. Lundahl filed a suit in the District of Utah under the name of Holli Telford). Courts have acknowledged "that Holli Lundahl has a sister named Marti Lundahl" and that it is "also apparent Holli Lundahl simply uses her sister as a pawn in Holli's vexatious litigation tactics" *Lundahl v. Global E. LLC*, 643 F. App'x 752, 753 (10th Cir. 2016) (internal citation omitted).

"Lundahl has a lengthy history of filing abusive, vexatious, frivolous actions and pleadings, both in this Court and in other state and federal courts" and numerous courts have imposed filing restrictions on her. *Lundahl v. Eli Lilly & Co.*, 2014 U.S. Dist. LEXIS 12560, 2014 WL 347157, at * 1-2 (D. Wyo. Jan. 30, 2014), aff'd sub nom. *Lundahl v. Halabi*, 600 F. App'x 596 (10th Cir. 2014). *See also Lundahl v. Global E. LLC*, 643 F. App'x at 753 (Lundahl's filing restrictions were applied to her sister "Marti Lundahl"). The Utah Supreme Court determined her filings were "routinely frivolous" and "with the apparent purpose, or at least effect, of harassment; not only of opposing parties, but of the judicial machinery itself." *Lundahl v. Quinn*, 2003 UT 11, 67 P.3d 1000, 1001-02 (Utah 2003). Courts that have imposed filing restrictions on Lundahl include:

1. The **United States Supreme Court**; *Lundahl v. Eli Lilly & Co.*, 544 U.S. 997 (2005);

2. The **Tenth Circuit** Court of Appeals, *Johnson v. Stock*, 2005 U.S. App. LEXIS 10946, 2005 WL 1349963 (10th Cir. 2005);

3. The **Ninth Circuit** Court of Appeals, *In re Lundahl*, No. 97-80258 (9th Cir. 1997);

4. The United States District Court for the **District of Nebraska**, *Nelson v. Mountain West Farm Bureau Mutual Insurance Co.*, 209 F. Supp. 3d 1130, 1131 (D. Neb. 2016);

5. The United States District Court for the **District of Wyoming**, *Lundahl v. Eli Lilly & Co.*, 2014 U.S. Dist. LEXIS 12560, 2014 WL 347157 (D. Wyo. 2014);

6. The United States District Court for the **District of Utah**, *In re Lundahl* (D. Utah 2004) (attached as Exhibit 1);

7. The United States District Court of the **Western District of Texas**, *Lundahl v. Hawkins*, 2009 U.S. Dist. LEXIS 99739, 2009 WL 3617518 (W.D. Tex. 2009), aff'd, 407 Fed.Appx. 777 (5th Cir. 2011);

8. The United States District Court for the **District of Idaho**, *Lundahl v. Nar Inc.*, 434 F.Supp.2d 855 (D. Idaho 2006); and

9. The **Idaho** Supreme Court, *Telford v. Nye*, 301 P.3d 264, 267 (Idaho 2013);

10. The **Utah** Supreme Court, *Lundahl v. Quinn*, 2003 UT 11, 67 P.3d 1000 (Utah 2003).

The Utah Supreme court noted:

> Where most ordinary individuals find themselves in court on only a handful of occasions in their lives, Holli has managed to embroil herself in more litigation in just a few short years than one would think humanly possible.
>
> ***
>
> When Holli is unsuccessful in obtaining the relief she seeks, she has not infrequently resorted to collateral attack on the judges who have adjudicated her cases. Indeed, a significant number of the direct appeals Holli has filed have been brought from district court denials of petitions for extraordinary relief naming judges as defendants.

*Quinn*, 67 P.3d at 1002.[1] Another court pointed out,

> Ms. Lundahl worked hard to earn these previous filing restrictions. Her litigation tactics have been 'abusive, harmful, and intended to harass and annoy both the

---

[1] A search for "Holli Lundahl" in PACER Case Locater retrieved 221 cases.

parties she names in her lawsuits and the entire judicial system she purports to invoke.' *Lundahl v. Nar Inc.*, 434 F.Supp.2d at 859). Ms. Lundahl's lawsuits are often blatant attempts to relitigate previously unsuccessful claims in new forums. *See id.* at 856. Her abusive litigation is extensive.

*Lundahl v. Eli Lilly & Co.*, 2014 U.S. Dist. LEXIS 12560, at *4. *See also Johnson v. Stock*, 2005 U.S. App. LEXIS 10946, at *12 (10th Cir. 2005) ("Lundahl has named opposing attorneys, judges, court clerks, and other court personnel as defendants, accusing them of joining in a massive conspiracy against her."); *Lundahl v. NAR, Inc.*, 434 F. Supp. 2d 855, 859-60 (D. Idaho 2006) ("Lundahl has a lengthy history of targeting the same defendant and any party previously associated with her lawsuits, including judges, clerks, and attorneys, in each of her subsequent actions. When Lundahl is subject to an adverse determination in one court, she simply moves to a new forum to pursue the same claim.")

It may be no surprise that Lundahl has moved her litigation to the District of South Dakota. In *Telford v. HUD*, 2017 U.S. Dist. LEXIS 65785, *5 (D.S.D. 2017), Lundahl brought suit against judges, the Department of Housing and Urban Development, an owner of a mobile home park and many others:

> The Second Amended Complaint is lengthy, but centers on the same core circumstances—the eviction of Telford and Lundahl from a trailer park in Green River, Wyoming; legal action relating to the eviction that occurred in Wyoming state and federal court; dissatisfaction with actions of HUD and an HUD employee; and issues about discontinuation of certain telecommunications services in Wyoming.

*Telford v. HUD*, 2017 U.S. Dist. LEXIS 65785, *5 (D.S.D. 2017). The action was dismissed under Rule 12 for improper venue, lack of personal jurisdiction, judicial immunity, and failure to exhaust administrative remedies. *Id.* The Court acknowledged Lundahl's vexatious and frivolous filing history and that the action may have been proper in Wyoming, but Lundahl,

> due to her history of frivolous litigation, is barred from filing in the District of Wyoming unless she satisfies certain preconditions, such as either having hired a

licensed attorney or satisfied some extensive pre-screening conditions. *Lundahl*, 2014 U.S. Dist. LEXIS 12560, 2014 WL 347157, at *3. The filing of this case in the District of South Dakota and the gymnastics concerning Plaintiffs' residency in the District of South Dakota are designed as an end-run around the order in the District of Wyoming.

*Telford v. HUD*, 2017 U.S. Dist. LEXIS 65785, at *17 (D.S.D. May 1, 2017).

## FACTS

This action stems from an eviction proceeding against Lundahl in Utah. Lundahl is the owner of a mobile home that was located in a mobile home park in American Fork, Utah. Lundahl rented the mobile home to Plaintiff Marty Noble.[2] (Amended Complaint, Doc. 8, p. 3¶ 1.) Defendant Boardwalk Property Management ("Boardwalk"), represented by Defendant Robert J. Poulsen ("Poulsen") of Defendant Poulsen & Skousen P.C. ("Defendant P & S"), commenced the eviction action against Lundahl. (Docket, *Boardwalk Property Management vs. Holli Lundahl,* Doc 40-1.)[3] The case was ultimately transferred to the Fourth District Court for the State of Utah in Spanish Fork, and assigned to Defendant Judge Eldridge. *Id.* On September 20, 2017, Lundahl filed a motion to dismiss the eviction complaint and a counter-petition for abuse of process. (Motion to Dismiss, *Boardwalk Property Management, LLC v. Holli* Lundahl, Doc. 40-2.) Lundahl claimed the eviction violated Utah's Mobile Home Residency Act and the Fair Housing Act ("FHA") and argued that the eviction was preempted by a complaint Lundahl had filed with Housing and Urban Development in Nebraska. *Id.* On September 26, 2017, Boardwalk filed a motion for summary judgment. (Docket, Doc. 40-1.) Lundahl then engaged in extensive motion practice, filing motions to strike Boardwalk's motion for summary judgment and motions to dismiss for lack of jurisdiction. Throughout these pleadings, Lundahl

---

[2] Upon information and belief, Marty Noble is Lundahl's sister. *Lundahl v. Global E. LLC*, 643 F. App'x 752, 753 (10th Cir. 2016).
[3] The cited Utah eviction pleadings are attached to Judge Eldrige's Memorandum in Support of Motion to Dismiss. (Doc. 40.)

complained that Boardwalk's motion for summary judgment was not properly served on her, complained that the court lacked jurisdiction, and demanded "abuse of process damages" of one million dollars. (Motion to Strike, *Boardwalk Property Management, LLC v. Holli Lundahl*, Doc. 40-3.)[4] On October 10, 2017, Boardwalk filed a responsive pleading, treating Lundahl's October 6, 2017 Motion to Strike as an opposition to Boardwalk's Motion for Summary Judgment. (Reply to Defendant's Opposition to Motion for Summary Judgment, *Boardwalk Property Management, LLC v. Holli Lundahl*, Doc. 40-4.)

On October 18, 2017, the court scheduled a hearing for November 9, 2017. (Docket, Doc. 40-1.) Two days prior to the hearing, Lundahl requested a continuance alleging medical reasons. (Motion for an order to Continue the Summary Judgment Hearing Presently Scheduled for November 9, 2017, *Boardwalk Property Management, LLC v. Holli Lundahl*, Doc. 40-5.) Judge Eldridge would not grant the continuance without correspondence from Lundahl's treating physician indicating she could not attend. (Docket, Doc. 40-1.) Lundahl then requested to appear by phone on the day of the hearing. *Id.* Eldridge denied the motion as untimely and because Lundahl failed to provide adequate medical documentation that she could not physically attend the hearing. *Id.* Lundahl's pending motions were denied and Boardwalk's motion for summary judgment was granted. *Id.* Lundahl's Motion to Strike was found frivolous. *Id.* Prior to the judgment being entered, Lundahl filed a Verified Complaint on November 17, 2017 in the case *sub judice*. (Doc. 1.) The Order of Restitution and Judgment and Order in the eviction action was entered on November 25, 2017. (Docket, Doc. 40-1.) That same day, Lundahl filed a Notice of Appeal claiming the eviction order was "illegal" and sought stay all proceedings "until

---

[4] Curiously, the notary stamp on this document bears the name "Marti Telford" of "Sweetwater County, Wyoming." Presumably "Marti Telford" is either Plaintiff Marty Noble or another alias of Lundahl's. Wyoming notaries must "be a resident of the State of Wyoming". W.S. 32-1-101(b)(ii).

a federal court has decided Appellants FHA and RICO claims against all served parties in this action and their agents and owner." (Notice of Appeal, Boardwalk Property Management, LLC v. Holli Lundahl Doc. 40-6.) Lundahl's appeal is currently pending before the Utah Court of Appeals. (Docket, Doc. 40-1.)

Plaintiffs filed an Amended Complaint on December 4, 2017 and generally complain that the Utah eviction was unlawful, that the Utah court lacked subject matter jurisdiction over the eviction, and that the eviction was a crime under Utah law. (Amended Complaint, Doc. 8.) They assert a myriad of claims against the Boardwalk Defendants including violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et., violation of and conspiracy to violate the Fair Housing Act, 42 U.S.C. § 3601, et seq., violation of the Fair Credit Reporting Act, Conspiracy to violate "Section 1983", breach of contract and the covenant of good faith and fair dealing, breach of quiet enjoyment, deceit, wrongful conversion and trespass to chattel, abuse of process, and unjust enrichment and constructive trust. (Amended Complaint, Doc. 8.)

Plaintiffs identify Boardwalk Property Management Co., Kevin West, Lehi Oasis, LLC, David L. Parker and Austin B. Cales as "the OASIS Defendants"[5] and claim they, along with their attorney, and Judge Eldridge conspired to evict Plaintiffs and that "the OASIS Defendants" also conspired with Defendant American National Property & Casualty Insurance Co. to deny Lundahl property insurance benefits. The Amended Complaint is devoid of any allegations as to any of the Boardwalk Defendants' roles other than attorney Poulsen with Poulsen & Skousen represented Boardwalk in the eviction proceeding. (Amended Complaint, Doc. 8 at p. 9, ¶ 17.)

---

[5] Plaintiffs' identification of "the OASIS Defendants" does not include attorney Poulsen or his law firm, Poulsen & Skousen and thus is not synonymous with the "Broadway Defendants" as referred to in this memorandum.

There are no allegations as to residences or domiciles of any of the Boardwalk Defendants or to any contact they have with South Dakota. Rather, the Amended Complaint alleges contacts with Utah through the practice of law in Utah and the management of a mobile home park in Utah.

**ARGUMENT**

**1. This Court Lacks Personal Jurisdiction Over the Boardwalk Defendants**

"When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citing *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011); *Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011); *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008); *Dever v. Hentzen Coatings*, 380 F.3d 1070, 1072 (8th Cir. 2004); *Epps v. Stewart Info. Services Corp.*, 327 F.3d 642, 647 (8th Cir. 2003)). "To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant." *Id.* *Accord Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008) ("To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state.")

Generally, whether a Court has personal jurisdiction over a defendant is a two-step analysis. *Waldner v. North American Truck & Trailer, Inc.*, 277 F.R.D. 401, 412 (D.S.D. 2011) (citing *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995)). First, South Dakota's long-arm statute, SDCL § 15-7-2, must be satisfied. *Id.* Second, the court's exercise of jurisdiction must comport with due process. *Id.* *Accord Nat'l Inventor Fraud Center, Inc. v. Invention Submission Corp.*, 2000 U.S. Dist. LEXIS

2621, *11-21 (D.S.D. 2000) (analyzing personal jurisdiction in a RICO claim). But, "the rules differ for a civil conspiracy RICO action alleged under 18 U.S.C. § 1965." *Waldner*, 277 F.R.D. at 412. In *Waldner*, Judge Piersol, writing for the United States District Court of South Dakota, Southern Division, acknowledged:

> Some circuits hold that the district court has personal jurisdiction if one defendant can meet the minimum contacts rule for that forum. *See FC Inv. Group LC v. IFX Markets, Ltd.,* 529 F.3d 1087, 1098-99 (D.C. Cir. 2008) (collecting cases that require one defendant to have minimum contacts). Other circuits find general nationwide jurisdiction under § 1965. *See id.* at 1099 (collecting cases finding that § 1965 confers nationwide jurisdiction).

*Waldner*, 277 F.R.D. at 412. Because the Eighth Circuit had not addressed the bounds of personal jurisdiction pursuant to § 1965, Judge Piersol adopted the "narrower rule" announced by the Second Circuit:

> (1) the district court has traditional personal jurisdiction based on the minimum contacts analysis over at least one defendant; and (2) the district court has personal jurisdiction over non-resident defendants who are alleged co-conspirators if the "ends of justice" require the court to have this jurisdiction. *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71-72 (2d Cir.1998); *see also Butcher's Union Local No. 498 v. SDC Inv. Inc.*, 788 F.2d 535, 538 (9th Cir. 1986) (same).

*Waldner*, 277 F.R.D. at 412. Here, the Amended Complaint is devoid of any allegation that an alleged co-conspirator has minimum contacts with South Dakota.[6] Nor are there any allegations that the "ends of justice" require South Dakota to maintain jurisdiction. "[T]he 'ends of justice' are met if the action is brought 'where suits are normally expected to be brought. Congress has expressed a preference in § 1965 to avoid, where possible, haling defendants into far flung fora.'" *Id.* (citing *PT United Can*, 138 F.3d at 71-72). This action arises from an eviction proceeding in Utah. Utah, not South Dakota, is the expected forum. However, Plaintiffs have

---

[6] There are no allegations of any kind specific to each Defendant and personal jurisdiction. On the contrary, Plaintiffs seem to concede the Boardwalk Defendants do not have minimum contacts with South Dakota by arguing RICO allows for nationwide service of process.

chosen South Dakota to bring suit because Lundahl is restricted from filing in the District of Utah. *See In Re Lundahl*, (D. Utah 2004) (attached as Exhibit 1). Plaintiffs have alleged no facts to support personal jurisdiction over the Boardwalk Defendants and they should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

    **2. The Amended Complaint Fails to State a Claim**

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court confines its review to the facts alleged in the complaint and any attachments to the complaint. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 n.4 (8th Cir. 2003) (*citing Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). All facts alleged in the complaint will be viewed by the Court in the light most favorable to the non-moving party, and the complaint should not be dismissed if there are pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

The Amended Complaint fails to state a claim upon which relief can be granted against Kevin West, Lehi Oasis, LLC, David L. Parker, and Austin B. Cales pursuant to Fed. R. Civ. P. 12(b)(6). There are no factual allegations against any of these Defendants, only an identification of Kevin West, David L. Parker, and Austin B. Cales as "the OASIS Defendants" and general allegations and conclusory statements against "the OASIS Defendants". Lehi Oasis, LLC is not even identified as an "OASIS Defendant". There are no allegations as to just what Kevin West, Lehi Oasis, LLC, David L. Parker or Austin B. Cales did, who these Defendants are, or what role or relationship they have to other Defendants. Besides identifying Lehi Oasis, LLC, David L. Parker, and Austin B. Cales as part of "the OASIS Defendants" in subheading A on page 3, these Defendants do not specifically appear in the Amended Complaint at all. (Lehi Oasis, LLC only appears in the Caption). Kevin West's name appears twice in the body of the Amended

Complaint—it is alleged he was emailed an accommodation demand and converted a lease into a month to month lease. (Amended Complaint, Doc. 8 at pp. 20, ¶ 48 and 27, ¶ 59.) There are no factual allegations sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. These Defendants must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### 3. Joinder in Judge Eldridge's Arguments and Authorities

The Boardwalk Defendants hereby join with the arguments and authorities contained in Judge Eldridge's Memorandum in Support of Motion to Dismiss (Doc. 40.)

## CONCLUSION

Based on the foregoing, Boardwalk Defendants request the claims against them be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Kevin West, Lehi Oasis, LLC, David L. Parker, and Austin B. Cales additionally request claims against them be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.

Dated: January 8, 2018.

> GUNDERSON, PALMER, NELSON
>   & ASHMORE, LLP
>
> By: */s/ Rebecca L. Mann*
>     Rebecca L. Mann
>     *Attorneys for Defendants Boardwalk Property Management Co., Kevin West, Austin Cales, David Parker, Lehi Oasis, LLC, Robert J. Poulsen and Poulsen & Skousen*
>     506 Sixth Street
>     P.O. Box 8045
>     Rapid City, SD 57709
>     Telephone: (605) 342-1078
>     Telefax: (605) 342-9503
>     E-mail: rmann@gpna.com

# CERTIFICATE OF SERVICE

I hereby certify on January 8, 2018, a true and correct copy of **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** was served electronically through the CM/ECF system on the following:

**Holli Telford**
885 US Hwy 385
Oelrichs, SD 57763
Email: hollietelford.1@gmail.com
*Pro Se*

**Richard M. Williams**
Attorney General of South Dakota
1302 E. Highway 14, Suite 1
Pierre, SD 57501-8501
Email: rich.williams@state.sd.us
*Attorneys for Jared Eldrige*

**Darin B. Goff**
Assistant Utah Attorney General
Utah Office of Attorney General
160 E. 300 S. Sixth Floor
P.O. Box 140856
Salt Lake City, UT 84114-0856
Email: dgoff@agutah.gov
*Attorneys for Jared Eldrige*

And on January 9, 2018 served via U.S. Mail, first class, postage prepaid upon the following:

**Marty Noble**
885 US HWY 385
Oelrichs, SD 57763
*Pro Se*

By: */s/ Rebecca L. Mann*
 Rebecca L. Mann