UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MARTY NOBLE AND HOLLI TELFORD,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN NATIONAL PROPERTY & CASUALTY INSURANCE CO.; BOARD-WALK PROPERTY MANAGEMENT CO., KEVIN WEST, LEHI OASIS, LLC; DAVID L. PARKER, AUSTIN B. CALES; JERED ELDRIGE in his official capacity, LARRY DEITER in his official capacity as Director for the Division of Insurance for the State of South Dakota, ROBERT J. POULSEN and POULSEN & SKOUSEN.<br><br>Defendants. | CIVIL No. 17-5088<br><br>**AMERICAN NATIONAL PROPERTY & CASUALTY'S MEMORANDUM IN SUPPORT OF ANPAC'S REPLY TO PLAINTIFF'S OPPOSITION BRIEF AND JOINED MOTION TO STRIKE [DOC. 37]** |

Defendant, American National Property and Casualty Insurance Co. ("ANPAC") hereby files this reply to the Plaintiff's Opposition Brief and Joined Motion to Strike as well as the Declaration of Telford [Doc. 37 and Doc. 38].

Telford asserts that a number of facts are undisputed as it relates to the Motion to Set Aside Default [Doc. 37, p 1]. How Telford and Noble come to the conclusion that these facts are undisputed is not explained. Furthermore, a statement of undisputed material facts is not attached. Plaintiffs assert that in addition to two copies of the Summons, two copies of the First Amended Complaint, two copies of Admission of Service, an instruction letter and a $10.00 Administrative Fee were sent to the Division of Insurance. The Division

1

of Insurance was unsure what to do with the Summons since, according to them, no instructional letter accompanied the Summons and Complaint [Doc. 33-1]. Throughout the opposition brief Telford and Noble assert a conspiracy between the South Dakota Division of Insurance and ANPAC. For instance, it is asserted "IT IS CLEAR FROM ALL OF THE EVIDENCE ATTACHED TO SPERLICH'S affidavit that director Deiter and his employees sought to conspire with ANPAC to deprive Plaintiffs of jurisdiction over their federal claims including a RICO claim, in the State of South Dakota" [Doc. 37, p. 3]. Telford and Noble provide no support whatsoever for the assertion that there was some conspiracy between the Division of Insurance and ANPAC. As the emails between Telford and Attorney Grueb, for the Division, make clear the Division was unsure what to do with the Summons and Complaints that they had received from Telford and wrote to clarify [Doc. 32-1]

Later Telford and Noble continue to assert a conspiracy between the South Dakota Division of Insurance and ANPAC claiming that the court should not condone fraud by granting the motion to vacate which would allow insurance companies to avoid prosecution by conspiring with Department of Insurance employees to reject service [Doc. 37, p. 4]. No facts are offered to support this conclusion either.

Plaintiffs have entitled this a Motion to Strike. They do not assert why either the Motion to Set Aside or the Notice of Special Appearance are redundant, immaterial, impertinent, or scandalous. A motion to strike under Rule 12(f) only allows the Court to strike for these reasons. A motion to strike

2

is "an extreme measure" and are viewed with disfavor and infrequently granted in the 8th Circuit. *EEOC v. Product Fabricators, Inc.*, 873 F.Supp. 1093, 1097 (D.C. Minn. 2012), citing *Stanbury Law Firm P.A. v. Internal Revenue Service*, 221 F.3d 1059, 1063 (8th Cir. 2000).

It seems the parties agree that the proper test regarding a motion to set aside default is 1) the conduct of the defaulting party was blameworthy or culpable; 2) whether the defaulting party had a meritorious defense; and 3) whether the other party would be prejudiced if the default were excused. *Stevenson v. El-Batrawi*, 524 F.3d 907 (8th Cir. 2008) [Doc. 37, p. 3]. Telford and Noble point to no conduct of ANPAC that is blameworthy or culpable. The 8th Circuit focuses heavily on the blameworthiness of the defaulting party. *Johnson v. Dayton Elec. Mfg.Co.*, 140 F.3d 781, 784 (8th Cir. 1998). Indeed, the day after the clerk entered default [Doc. 29] ANPAC filed a Motion and Memorandum and Affidavit to Set Aside Default [Docs. 31, 32, 33]. Plaintiffs appear to argue that the Division of Insurance's failure to forward the Summons and Complaint to ANPAC's Registered Agent is somehow attributable to ANPAC, hence all the unsupported references to a conspiracy between the division and ANPAC. The Plaintiffs can point to no fact that ANPAC was 1) provided notice of the suit until December 18th and 2) aware of or complicit with the actions of the Division of Insurance prior to that date.

Plaintiffs assert that ANPAC does not have a meritorious defense as is required to set aside the clerk's entry of default. Plaintiffs then go on to cite a number of claims made against ANPAC. [Doc. 37, p. 5]. Included in these

3

asserted claims is the Fair Credit Reporting Act. A review of the Plaintiffs' 'First Amended Complaint demonstrates that the Fair Credit Reporting Act is only brought against the "Oasis" defendants. [Doc. 8, ¶66]. Plaintiffs go on to say that under the Fair Credit Reporting Act, ANPAC unilaterally lapsed Plaintiffs' auto policies [Doc.37, p. 8]. No such allegation is made in the complaint. The only reference to the Fair Credit Reporting Act in the Complaint is in paragraph 66 of the Plaintiffs First Amended Complaint [Doc. 8, ¶66].

To determine whether a defaulted defendant has a meritorious defense, the "likelihood of success is not the measure…rather, if any defense relied upon states of defense good at law, then a meritorious defense has been advanced. INVIST FINANCIAL GROUP, INC V. CHEM-NUCLEAR SYSTEMS, INC, 815 F.2D 391, 398, 399 (6TH CIR. 1987), *United Coin Meter Company, Inc. v. Seaboard Coastline Railroad*, 705 F.2d 839, 845 (6th Cir. 1983). Furthermore, a defense is sufficient if it contains, "even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Kegel v. Key West and Caribbean Trading Company, Inc.*, 627 F.2d 372, 374 (United States' Court of Appeals DC 1980). ANPAC has pointed out that the EFTA has no application here. Further, ANPAC has no relationship with Noble. ANPAC insured no property in Utah. Indeed, ANPAC only insured a home and automobiles in Idaho [Doc. 42 attachment "1"].

Plaintiffs argue that ANPAC somehow admits that by setting aside default would permit fraud and collusion to "win the day" and they cite *Berthelsen v. Kane*, 907 Fd.2 617, 621 (6th Cir. 1990) [Doc. 37, p. 8]. In *Berthelson* the

4

District Court entered a default judgment against the Defendant but the Court of Appeals reversed and found that even though the Defendant had willfully evaded service of process the fact that the Defendant had meritorious defenses and that the Plaintiff failed to show that he would be prejudiced by reopening the case, the matter was reversed. Plaintiffs argue that undersigned counsel ANPAC and the Division of Insurance acted criminally in arguing their case to the court. With no facts in support of her allegations she alleges that ANPAC entered into a conspiracy with the Division to deny service of process. [Doc. 37, p. 8-9].

Plaintiffs then allege as to the requirement that the court show that the court be convinced that the Plaintiff was prejudiced by the delay that their auto insurance policy was not reinstated. In this case the time elapsed is a mere matter of weeks. Plaintiffs do not address ANPAC's arguments that no discovery has been taken, that no depositions have been engaged in and that none of the parties have even yet to answer the complaint. The Plaintiffs do not cite to any concrete disadvantage that they find themselves in in the lawsuit. The fact that ANPAC may have at some point prior to the events of the filing of this suit cancelled insurance on one of the Plaintiffs does not prejudice the Plaintiff in this lawsuit. Here the Plaintiff must show that the delay results in some kind of prejudice in the lawsuit, such as the loss of evidence or difficulties in discovery. *Berthelson v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990).

The Plaintiffs need to show prejudice to their lawsuit. The proper standard is whether the Plaintiffs' claim or the ability to pursue the claim will

5

be hindered. *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 601 (9th Cir. 2001) citing *Falk v. Allen*, 739 F2d 461. 463 (9th Cir. 1984). They cannot do so.

## CONCLUSION

ANPAC's conduct relating to the default was neither blameworthy nor culpable. ANPAC moved swiftly to set aside the clerk's entry of default. ANPAC has asserted meritorious defenses to the Plaintiffs' claims and the Plaintiffs cannot show that they would be prejudiced in their lawsuit if the default were set aside.

Dated this 19th day of January, 2018.

/s/ Gregory J. Sperlich_____
Gregory J. Sperlich  gjs@demjen.com
DEMERSSEMAN JENSEN
 TELLINGHUISEN & HUFFMAN, LLP
*Attorneys for Defendant American National Property & Casualty Insurance Co.*
516 5th Street; PO Box 1820
Rapid City, SD 57709
(605) 342-2814

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of January, 2018, a true and correct copy of the foregoing *American National Property & Casualty's Memorandum in Support of ANPAC's Reply to Plaintiffs' Opposition Brief and Joined Motion to Strike [Doc. 37]* was served electronically through the CM/ECF system on the following:

| | | |
|---|---|---|
| Holli Telford<br>885 US Hwy 385<br>Oelrichs, SD 57763<br>hollietelford.1@gmail.com | [ ]<br>[ ]<br>[ ]<br>[ ]<br>[x] | U.S. Mail<br>Hand Delivery<br>Facsimile<br>Overnight Delivery<br>Electronic Case Filing |
| Rebecca L. Mann<br>rmann@gpna.com<br>*Attorney for Defendants Boardwalk Property Management Co., Kevin West, Austin Cales, David Parker, Lehi Oasis, LLC, Robert J. Poulsen and Poulsen & Skousen* | [ ]<br>[ ]<br>[ ]<br>[ ]<br>[x] | U.S. Mail<br>Hand Delivery<br>Facsimile<br>Overnight Delivery<br>Electronic Case Filing |
| Darin B. Goff<br>Assistant Utah Attorney General<br>dgoff@agutah.gov<br>*Attorney for Jared Eldrige* | [ ]<br>[ ]<br>[ ]<br>[ ]<br>[x] | U.S. Mail<br>Hand Delivery<br>Facsimile<br>Overnight Delivery<br>Electronic Case Filing |
| Richard M. Williams<br>Attorney General of South Dakota<br>rich.williams@state.sd.us<br>*Attorney for Jared Eldrige* | [ ]<br>[ ]<br>[ ]<br>[ ]<br>[x] | U.S. Mail<br>Hand Delivery<br>Facsimile<br>Overnight Delivery<br>Electronic Case Filing |

and on January 19th, 2018 served via U.S. Mail, first class, postage prepaid upon the following:

    Marty Noble
    885 US Hwy 385
    Oelrichs, SD 57763

                                /s/ Gregory J. Sperlich_____
                                Gregory J. Sperlich