# IN THE UNITED STATES DISTRICT COURT
# FOR THE STATE OF SOUTH DAKOTA

MARTY NOBLE  AND HOLLI          :
TELFORD                                        CIVIL No.  **5:17-cv-5088**
                                            :
       Plaintiffs
                                            :       **REQUEST FOR JUDICIAL**
       v.                                **NOTICE OF DISPOSITIONS**
                                            :       **SUPPORTING UTAH JUDGE**
AMERICAN NATIONAL PROPERTY &            **DEE BENSON'S FILING**
CASUALTY INSURANCE CO; BOARD-  :       **INJUNCTION [Doc. 44-1]**
WALK PROPERTY MANAGEMENT CO., :
KEVIN WEST, LEHI OASIS, LLC;
DAVID L PARKER, AUSTIN B. CALES;  :
JARED ELDRIGE in his  official
Capacity,  LARRY DEITER in his official :
official  capacity as Director for the
Division of Insurance for the state of South  :
Dakota, ROBERT J. POULSEN and
 POULSEN & SKOUSEN                      :

       Defendants                      :

---

       COMES  NOW  Plaintiff HOLLI LUNDAHL to identify the disposition of each of the 24 cases set forth in the  filing injunction executed ex parte by Judge Dee Benson without subject matter or personal jurisdiction and filed of record in March 24, 2005  in re USDC-UT case no. 2:05-cv-00253 DB,  and moves this court to take judicial notice of these dispositions for purposes of attacking the validity of Judge Dee Bensons filing injunction issued ultra vires the law within the meaning of the Larson Dugan Doctrine.

       Plaintiff LUNDAHL further asks this court to take judicial notice that **all but One (1) case,** i.e. case # 1,  **was  disposed on grounds of intervening mootness or**

1

lack of residual subject matter jurisdiction under the bankruptcy code    BY **UNILATERAL ACTIONS TAKEN BY THE JUDGES THEMSELVES** and not by actions of LUNDAHL.

LUNDAHL also requests that this court take judicial notice that not one decision found that LUNDAHL had filed a frivolous case or claim and that all decisions except decision #1, concluded that subject matter jurisdiction was lacking at the time the decisions were entered.

LUNDAHL additionally requests that this court take judicial notice that irrespective that the sitting judges acknowledged that they lacked subject matter jurisdiction over the identified cases referred to in Judge Dee Benson's filing injunction because of dismissal of Lundahl's main bankruptcy case,  that the sitting judges nevertheless reached LUNDAHL's Ex Parte Young or Larson Dugan claims against various judicial officials sued in their official sovereign capacities only by **fraudulently and invalidly finding that these judicial officials were sued in their personal capacities for money damages and therefore these officials were entitled to personal judicial immunity. In fact, LUNDAHL never sued any judicial official for money damages and therefore the dismissals with prejudice identified in case #'s 3, 5, 6 and 7 were void as a matter of law as in violation of Costello v. United States, 365 U.S. 265, 285 (1961), Holding:** Dismissals for lack of subject matter jurisdiction must be without prejudice,   and   Sinochem, 549 U.S. At 430–31 (a court may not reach the merits of an action until it properly acquires jurisdiction to rule). See too 18A Charles Alan Wright et al., Federal Practice and Procedure: Jurisdiction ("Federal Practice") § 4436, at 154, 168–70 (2d ed. 2002) (Judgment dismissing action for lack of jurisdiction cannot concurrently or subsequently reach a merits ruling and be given credit.);  Bunker Ramo Corp. v. United Bus. Forms, Inc., 713 F.2d 1272, 1279 (7th Cir. 1983) ("**Once a court expresses the view that it lacks jurisdiction,  the court thereafter does not have the power to rule on any other matter.).**

LUNDAHL also asks this court to take judicial notice that all other actions listed in Judge Benson's pre-filing order **were properly dismissed WITHOUT PREJUDICE** for lack of residual subject matter upon unilateral dismissal of Lundahl's main bankruptcy case by usurping bankruptcy judge William Thurman.  Further LUNDAHL asks this court to take judicial notice that not one judge,  including Judge Benson found

2

that HOLLI's claims lacked merit and therefore were frivolous as asserted by Judge Benson in his prefiling order.

Finally, LUNDAHL asks this Court to take judicial notice that the signature date of the pre-filing injunction by Judge Dee Benson is July 8, 2004; the same day Judge Benson first found that it lacked residual subject matter jurisdiction over Lundahl's Ex Parte Young adversary proceeding against three Utah Supreme Court Justices seeking a declaratory decree that the civil contempt judgment entered by these justices in re Lundahl v. Quinn, 2003 UT 11 was void as in violation of the automatic stay and removal statutes of the bankruptcy code, and subsequently illegally found these judicial officials were absolutely judicially immuned from a money damages claim by HOLLI when HOLLI pleaded no such claim against these officials. (see exhibit "7" attached hereto for this judgment entered by Dee Benson).

LUNDAHL asserts that Judge Benson backdated his filing injunction to July 8, 2004 because this injunction was not mentioned in exhibits 7 or 5 attached hereto, both judgments entered after the ex parte filing injunction was purportedly signed by Judge Benson. In addition, the filing injunction was not publicly recorded until more than 8 months later in re 2:05-cv-00253 DB **in an action brought under the all writs act by a client represented by bankruptcy judge Willian Thurman's lawfirm,** i.e. Los Angeles Homeowners Aid during HOLLI's obstructed bankruptcy case. See exhibit "25" attached for a filing made by Thurman's client in HOLLI's bankruptcy case.

Having taken judicial notice as required as a matter law, HOLLI therefore bases her motion to attack Judge Benson's Filing injunction as void on this Request for judicial notice.

## CASE DISPOSITIONS AS TO EACH CASE
## CITED IN UTAH JUDGE DEE BENSON'S FILING INJUNCTION

### 1.   Case 2:00-cv-00343-DB, Lundahl v. Robbins (UT, 2001).
Relevant parts of this dismissal order are attached hereto as exhibit 1.

In this action, a federal magistrate judge removed a state suit naming numerous private party defendants to the federal court and then claimed absolute judicial immunity from money damages. The Utah federal judge Dee Benson granted the Magistrate judge absolute judicial immunity and dismissed Lundahl's claim against the federal judge for failure to state a claim for relief.

**HOWEVER,** Lundahl did not sue this judge in his personal capacity for

3

money damages. See Kentucky v. Graham, 473 U.S. 159, 166-67 (1985) (**Judicial immunity applies only to personal capacity claims.**) On the contrary, LUNDAHL sued this judge in his sovereign official capacity for specific declaratory and injunctive relief under the Larson-Dugan doctrine. Under the *ultra vires* doctrine (also known as the Larson-Dugan exception, Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689 (1949); & Dugan v. Rank, 372 U.S. 609, 621-22 (1963)), the U.S. Supreme Court has long held that sovereign immunity does not shield a federal official who has acted outside the scope of his legal authority:) Here, ROBBINS engaged in a conspiracy with the IRS from 1996 to 2001 to fabricate a tax debt against HOLLI and in which a criminal judge in 1996 in re 95-CR-114 AAH (C.D. CAL 1996) adjudicated had been recently fabricated to create motive for the criminal prosecution. The criminal trial judge struck down the fabricated debt as void. LUNDAHL was asking for a declaratory decree that the tax debt had been previously adjudicated as false and to enjoin ROBBINS continuing efforts to give credit to the false tax debt to HOLLI's ongoing injury.

**Instead of addressing the complaint presented by HOLLI, Judge Benson summarily dismissed HOLLI's equity claim against ROBBINS as absolutely judicially immuned from prosecution in violation of HOLLI's due process rights.** Nevertheless, LUNDAHL's claims against this magistrate judge would be rendered MOOT during LUNDAHL's bankruptcy case in 2003 when the Bankruptcy Judge Judith Boulden disallowed the IRS' tax claim as a fabricated debt created to obstruct a [failed] 1996 criminal prosecution brought by the IRS.

## 2. **Case 2:00-cv-00363-BSJ, Lundahl, et al. v. Campbell (UT, May 21, 2000).** Dismissal Order is attached hereto as exhibit "2".

In this action, Plaintiffs sued Utah Judge Tena Campbell for injunctive relief to force her removal as a sitting judge in re Utah federal court case no. 2:97-cv-951 consolidated with 2:98cv693 **because this judge admittedly owned $985,000 in stock interests in the defendants companies appearing in this consolidated case.**

**As the order notes,** Plaintiffs filed a prior interlocutory appeal as U.S. 10th Circuit Court appeal case no. 98-4207. **What Utah judge Jenkins' dismissal order failed to acknowledge** was that 6 other persons joined that interlocutory appeal, and **all appellants petitioned** the U.S. 10th Circuit court of appeals **to convert the appeal into a writ of mandamus to remove Judge Campbell** on the basis of a financial interest in the trial case. **The 10th Circuit in early 1999 rejected all Appellants motion to treat the appeal as a mandamus petition** and ordered plaintiffs to wait until the case terminated with a final order at which time Appellants could then address the judicial bias of Judge Campbell. That plaintiffs can convert an appeal into a mandamus petition has been authorized by numerous state and federal courts, to wit:

DMW, LLC Do's Vision Investment v. Nguyen, et al. 01-16-00757-CV (TX.App. 2016) (See CMH Homes v. Perez, 340 S.W.3d 444, 453-54 (Tex. 2011) (treating appeal as mandamus petition "because the appellant specifically requested mandamus relief in the alternative")); Malek v. Bank of America, No. 70503 (NV, 2017) (Court has authority to convert appeal to mandamus petition); IN RE: Lawrence KASSOVER, Docket No. 02-5009 (2nd Cir. 2003) (See Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 652 (2d Cir.1987) (treating appeal as request for leave to file petition for mandamus); Dubruyne v.

4

Nat'l Semiconductor Corp. (In re Repetitive Stress Injury Litig.), 35 F.3d 637, 639-40 (2d Cir.1994) (circuit court can treat appeal as petition for writ of mandamus); CASTANEDA v. BURGER KING CORPORATION, Case No. 09-17210 (9th Cir. 2010) (Alan v. Old National Bank of Washington, 896 F.2d 416 (9th Cir. 1990) Unified Sewerage Agency v. Jelco, Inc., 646 F.2d 1339, 1343 (9th Cir. 1981) (court can treat appeal as a petition for mandamus sua sponte); Swanson v. DeSantis, 606 F.3d 829, 835 (6th Cit. 2010) ("We have the discretion to treat the State's appeal as a petition for mandamus relief, and we have done so before."); U.S. v. White, 582 F.3d 787, 807 (7th Cit. 2009) (treating appeal as petition for mandamus); Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 14 n.27 (1st Cit. 2004) (noting power to treat appeal as petition for mandamus); Bacher v. Allstate Ins. Co., 211 F.3d 52, 57 n.1 (3rd Cit. 2000) ("[W]e can treat a notice of appeal as a petition for mandamus"); Matter of Hester, 899 F.2d 361, 365 (5th Cit. 1990) (treating appeal as an application for mandamus); S. Energy Homes Retail Corp. v. McCool, 814 So.2d 845, 847 (Ala. 2001) (treating appeal as petition for mandamus); Barnes v. State, No. CR 95-1075, 1995 WL 631831, at *1 (Ark. Oct. 23 1995) (treating petition for mandamus as petition for certiorari); Dist. oj Col. v. Fitzgerald, 953 A.2d 288, 297 (D.C. 2008) (treating appellate brief as petition for mandamus); Lombardo v. Haige, 971 So.2d 1037, 1039 (Fla. App. 2008) (treating petition for certiorari as petition for mandamus); Parker v. Volkswagenwerk A.G., 781 P.2d 1099, 1104 (I<.an. 1989) (treating petition in mandamus as interlocutory appeal); McGee v. Jones, 516 So.2d 1222, 1224 (La. App. 1987) (treating petition for mandamus as an appeal); Clark County Liquor and Gaming Licensing Bd v. Clark, 730 P.2d 443, 446 (Nev. 1986) (treating appeal as petition for mandamus).

Nevertheless, **Judge Campbell entered an indefinite stay order in re case no. 2:97-cv-951 on July 13, 1999, thus forcing Plaintiffs to file an independent equity action in re Lundahl, et al  v. Campbell,  Case 2:00-cv-00363-BSJ,** forcing Judge Campbells  removal from the consolidated federal cases **as the only viable remedy.**   After Judge Campbell was served with the complaint unofficially, **Judge Campbell then recused thus MOOTING the action against her as recognized by judge Jenkins in exhibit "2" attached.** See County of Los Angeles v. Davis, 440 U.S. 625 (1979) (intervening mootness strips the court of subject matter jurisdiction to act further.); Already, LLC v. Nike, Inc., 133 S. Ct. 721, 727 (2013) (quoting Alvarez v. Smith, 558 U.S. 87, 93 (2009) (Mootness is a jurisdictional defect and deprives a court of the authority to adjudicate a case on its merits.)

**Once a case is rendered MOOT, a court has no jurisdiction to enter an order for failure to state a claim for relief.**   Willner  v. Doar,  12-CV-1955, fn 3 Doc. 41 (RRM)(RER)  (ED.N.Y., 2013);  Already, LLC v. Nike, Inc., 133 S. Ct. 721, 727 (2013) (quoting Alvarez v. Smith, 558 U.S. 87, 93 (2009) (Mootness is a jurisdictional defect and deprives a court of the authority to adjudicate a case.); Defunis v. Odegaard, 416 US 312 (1974)(Once a case becomes MOOT during the pendency of the proceedings,  the Court lacks power to reach the merits of the case and must dismiss without prejudice.)

**It is contended that Judge Jenkins lacked subject matter juris-diction to reach the defense of "failure to state a claim for relief"  once he**

decisioned that the controversy had been rendered  MOOT. His order doing so violated Lundahl's civil rights and  constituted an ultra vires act under the Larson Dugan Doctrine.


**3.  Case 2:00-cv-00477-CAB,  Lundahl v. US clerk Zimmer (UT, 2001)** Dismissal Order is attached hereto as exhibit "3".

This action was brought against the US District Clerk of Court in Utah for specific  injunctive relief under the Larson Dugan doctrine to compel  the clerk to enter a default and default judgment under FRCP rules 55(a) and 55(b)(1) in another federal case, i.e. Lundahl v. Kunze, case no.  2:98-cv-176.

As soon as the action was served upon the clerk of the court,  Utah federal Judge Benson usurped jurisdiction over Lundahl v. Kunze, and  fabricated grounds for dismissing the Kunze action for lack of subject matter jurisdiction.  Judge Benson's order was then supplemented into the above stated action **resulting in Judge Brimmer dismissing this action on the grounds of intervening mootness.** Judge Brimmer then entered advisory opinions finding  the clerk personally immuned under both absolute and qualified immunity.

**Judge Brimmers immunity orders were void not only because they constituted advisory opinions entered after the controversy  had been rendered MOOT by Judge Benson's extrajudicial actions,  but they were also void because LUNDAHL did not sue the clerk in his personal capacity;  rather LUNDAHL sued the clerk in his official capacity for specific relief  and for which there was no sovereign immunity under the Larson Dugan Doctrine.**


**4.  2:01cv590 TC, Lundahl, et al. vs USA, et al. (UT, 2001).**

This  action was brought against the United States under the FTCA,  against several federal officers either under the Larson Dugan doctrine or Bivens Constitutional Torts and against various private parties. **This action was assigned to Judge Tena Campbell;  a judge who earlier admitted that she was actually biased against Plaintiffs** based on her stock interests in the private party defendants companies.  See case no. 2 supra.  Reassignment of this action was not forthcoming in compliance with LUNDAHL's petition,  **hence LUNDAHL noticed a voluntary dismissal of this action without prejudice under FRCP rule 41(a)(1)(A)(i) as admitted by Judge BENSON in his description of this case.**  BENSON nevertheless dismissed plaintiffs first cause of action for lack of a definite statement before granting the voluntary dismissal without prejudice.

**Judge Benson's actions were illegal because upon the filing of a Notice of Voluntary dismissal under FRCP rule 41(a)(1)(A)(i), the dismissal becomes self executing and  the court automatically loses article III power.** See Janssen v. Harris,321 F.3d 998, 1000 (10th Cir.2003) (stating that under Rule 41(a)(1)(A)(i), a "voluntary dismissal is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required"); Smith v. Phillips, 881 F.2d 902, 904 (10th Cir.1989) (stating that a Rule 41(a)(1)(A)(ii) stipulation "cannot be conditioned by the court, and does not call for the exercise of any discretion on the part

of the court. Once the stipulation is filed, the action is at an end."); Bechuck v. Home Depot USA, 2016 U.S. App. LEXIS 2633 (5th Cir. Feb. 16, 2016)(dismissal under Rule 41(a)(1)(A)(i) is self executing and no sanctions may be subsequently applied); Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993). As a matter of law, LUNDAHL's voluntary dismissal brought down Judge Benson's interlocutory order.

### 5.   2:01cv752,  Lundahl vs Pub Storage Mgt, et al. (UT, 2003)
This action was brought to enjoin attempts to illegally seize Lundahl's personal properties stored  in a storage unit. As acknowledged by Judge Benson, the sitting Judge David Sam issued a stay order on this action due to the pendency of Lundahl's  chapter 13 bankruptcy case. The action was rendered MOOT when the public storage defendants nevertheless proceeded with the seizure and converted Lundahl's properties. **Lundahl moved to dismiss the injunction action on the grounds of mootness.** The action was so dismissed.

### 6.   2:02cv52 SLC, et al. vs Lundahl, (UT, 2002).   Remand order attached as exhibit "4".
The state of Utah had criminally prosecuted Lundahl more than 22 times for driving without a renewed drivers license because the Utah Public Safety Director was refusing to renew Lundahl's Driver's license without any just cause. HOLLI had won all of her prior criminal prosecutions largely based on the defenses of entrapment, official misconduct and retaliatory/ vindictive prosecution given there was no just grounds for refusing to renew Lundahl's drivers license other than prohibited vindictive harassment.   This removed state criminal prosecution was the 22nd time a Utah municipality was prosecuting Lundahl for driving without a renewed drivers license. LUNDAHL removed the state prosecution to the federal court under 28 U.S. Code § 1455. **Under this statute, the removal does not strip the state court of jurisdiction unless the federal court issues an order that the state court is deprived of jurisdiction.** While Judge Benson was reportedly reviewing the removal papers, the state court dismissed the criminal action in Lundahl's favor. Accordingly Judge Benson did not issue an opinion regarding the merits of the removal and summarily remanded the action back to the state court as shown in the order attached hereto as exhibit "4". Contrary to Judge Bensons' synopsis, no appeal regarding the remand order was filed with the 10th Circuit court of appeals.

### 7.   2:03cv185,  Caffree vs Doctorman  (UT, 2003)
**Plaintiff Lundahl  was  not a plaintiff  in this action**, but rather was a defendant. Judge Benson concluded  in his filing injunction that the Plaintiff  had sued a  Utah District Court Judge Leslie Lewis.   **Utah Judge Glen Clark dismissed Cafree's action with prejudice for want of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. The Plaintiff appealed asserting that since Rooker Feldman was a jurisdictional doctrine, the dismissal was required to be  without**

**prejudice for lack of subject matter jurisdiction.**   This conclusion of law is accurate according to the most recent decisions regarding the Rooker- Feldman Doctrine.  See Jakupovic v. Curran,  No.  16-3374    (7th  Cir.  2017)  (The  district court dismissed Jakupovic's claims with prejudice. **Because we conclude that Jakupovic's claims are jurisdictionally barred under Rooker-Feldman, the complaint should be dismissed without prejudice.** See Frederiksen v. City of Lockport, 384 F.3d 437, 438–39 (7th Cir. 2004) ("When the Rooker-Feldman doctrine applies, there is only one proper disposition: dismissal for lack of federal subject matter jurisdiction. . . **without prejudice as to the merits,** which are open to review in state court.).   Nevertheless,  the dismissal effected Caffree's rights not Plaintiff Lundahl's rights.

      **8.   2:03cv1082,  Lundahl vs Jackson, et al. (UT, 2004).**    The relevant parts of the dismissal  order is attached hereto as exhibit "5".

      **LUNDAHL brought this Ex Parte Young Adversary proceeding in her  Bankruptcy case** against the Utah Public Safety Director to renew her Utah Drivers license and against three state judges having appellate jurisdiction to order the Utah Public Safety Director to renew  Lundahl's  Utah Drivers license. After Lundahl's bankruptcy plan was affirmed  by the first bankrutpcy judge on June 11, 2003,  a second bankruptcy judge usurped jurisdiction over Lundahl's bankruptcy case and  dismissed same on  December 19, 2003.  Before this bankruptcy dismissal order,  this  adversary proceeding was withdrawn  to the district court for a disposition on Plaintiff's ex parte young claims. **The official defendants moved to dismiss the adversary proceeding based on lack of residual subject matter jurisdiction given the dismissal of Plaintiff's main bankruptcy case  pursuant to  In re Smith, 866 F.2d at 580;  In re Querner, 7 F.3d 1199, 1201-02 (5th Cir.1993); In re Morris, 950 F.2d 1531, 1533 (11th Cir. 1992). Today, Bankruptcy courts regularly dismiss adversary proceedings for lack of subject matter jurisdiction when the main bankruptcy case had been dismissed,   especially when the matter raised in the adversary proceeding complaint deals with federal law outside the bankruptcy code.** See In re Travers, 507 B.R. 62 (2014) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (dismissal proper for lack of subject matter jurisdiction given main bankruptcy case dismissed and federal claims stated in the adversary proceeding do not require disposition of any bankruptcy laws.)

      As  shown in the dismissal order,  Judge Benson agreed with the state officials  **and held that he was  without subject matter jurisdiction as a result of the bankruptcy court's dismissal of the underlying bankruptcy case citing to  In re Smith, 866 F.2d at 580.**   In constitutional error,  Judge  Benson entered a  dismissal with prejudice order as opposed to a dismissal without prejudice order. **See Costello v. United States, 365 U.S. 265, 285 (1961)** (dismissal for lack of subject matter jurisdiction must be without prejudice.).

      **9.   2:03cv1083 Lundahl vs NAR, et al. (UT, 2004).**   Relevant parts of this dismissal order are attached hereto as exhibit 6.

      HOLLI removed  this collection action to  the bankruptcy court given the state trial judge continued  to violate  the automatic stay  of the bankruptcy code by

purporting to adjudicate the claims subject of the collection action. The removal took place immediately after HOLLI filed a rule 59 attack on the state court's usurpation of federal law. The state court judge continued to act on the state case even after the action had been removed to the bankruptcy court 8 months earlier AND WHILE NAR'S ATTORNEY WAS LITIGATING THE BANKRUPTCY ADVERSARY PROCEEDING. Consequently, HOLLI petitioned to amend her adversary proceeding to seek contempt sanctions against NAR for also violating the bankruptcy removal statute. As reflected in the order attached as exhibit "6" hereto, NAR moved to dismiss HOLLI's adversary proceeding on the grounds of lack of residual subject matter jurisdiction because of the dismissal of HOLLI's main bankruptcy case on December 19, 2003 by usurping bankruptcy judge William Thurman.

As noted in the relevant parts of the dismissal order attached hereto as exhibit "6", Judge Benson referred to the December 19, 2003 order dismissing HOLLI's bankruptcy case -- as the basis for dismissing HOLLI's adversary proceeding against the NAR defendants for lack of residual subject matter jurisdiction under the bankruptcy code. Again Judge Benson constitutionally errored in dismissing the adversary proceeding with prejudice for lack of subject matter jurisdiction. See **Costello v. United States, 365 U.S. 265, 285 (1961)** (dismissal for lack of subject matter jurisdiction must be without prejudice.).

**10.    2:03cv1084,   Lundahl vs Los Angeles Homeowner, et al.** **(UT, 2004).** The relevant parts of this dismissal order is attached hereto as exhibit "5". As noted by Judge Benson in his filing injunction, **this action was consolidated with case 2:03cv1082." identified at no. 8, supra.**

As shown by the relevant parts of the dismissal order at exhibit "5" attached, after Lundahl's bankruptcy plan was affirmed by the first bankruptcy judge on June 11, 2003, a second bankruptcy judge usurped jurisdiction over Lundahl's bankruptcy case and dismissed same on December 19, 2003. Before this bankruptcy dismissal order, this adversary proceeding was withdrawn to the district court for a disposition on Plaintiff's ex parte young claims. **The official defendants moved to dismiss the adversary proceeding based on lack of residual subject matter jurisdiction given the dismissal of Lundahl's main bankruptcy case,** pursuant to *In re Smith,* 866 F.2d at 580, In re Querner, 7 F.3d 1199, 1201-02 (5th Cir.1993); and In re Morris, 950 F.2d 1531, 1533 (11th Cir. 1992). As shown in the dismissal order, **Judge Benson agreed and held that he was without subject matter jurisdiction as a result of the bankruptcy court's dismissal of the underlying bankruptcy case** citing *In re Smith,* 866 F.2d at 580. In constitutional error, Judge Benson entered a dismissal with prejudice order as opposed to a dismissal without prejudice order. See **Costello v. United States, 365 U.S. 265, 285 (1961)** (dismissal for lack of subject matter jurisdiction must be without prejudice.).

**11.    2:03cv1085, Lundahl vs Durham, et al. (UT, 2004).** Relevant orders are attached hereto as exhibit "7".

Lundahl removed a writ action pending before the Utah Supreme Court, i.e. in re Lundahl v. Quinn, 2003 UT 11, 67 P.3d 1000 to the bankruptcy court for

issuance of a declaratory decree against the Utah Supreme Court Justices under Ex Parte Young  that the writ order which prosecuted an unnoticed civil contempt action against LUNDAHL, was patently void  as in violation of the automatic stay  of the bankruptcy code and notice provisions under the 14th amendment.

As aforesaid,  on December 19, 2003, a usurping bankruptcy judge entered an order dismissing  LUNDAHL's bankruptcy case.  **The Utah Supreme Court judges moved to dismiss the Ex Parte Young action against them on the basis of lack of residual subject matter jurisdiction given the dismissal of Lundahl's main bankruptcy case**  citing  *In re Smith,* 866 F.2d at 580;  In re Querner, 7 F.3d 1199, 1201-02 (5th Cir.1993); and  In re Morris, 950 F.2d 1531, 1533 (11th Cir. 1992).    In the alternative,  the state Supreme Court Judges claimed that Rooker Feldman barred the court's subject matter jurisdiction and also that the justices were judicially immuned from claims for money damages. See exhibit "7" attached.

LUNDAHL argued  that Judge Benson should decide whether the state Judges had violated the automatic stay of the bankruptcy code as a matter direclty tied to the code.    LUNDAHL also argued that ROOKER-FELDMAN was  inapplicable because jurisdiction from the state court had transferred to the federal court as a matter of federal law and that any equity proceedings as applied to the state judgment was now before the federal court as an original proceeding, not as an appellate proceeding. **Finally LUNDAHL declared that she had not sued any state judge for money damages and therefore this defense by the Utah Supreme Court justices was patently fraudulent.**

Judge  Benson adopted section II of the Justices memorandum which argued no subject matter jurisdiction existed over the adversary proceeding in light of the dismissal of Lundahl's main bankruptcy case.  See 1st page of exhibit "7" attached. The dismissal order in this action, like the dismissal orders in other actions was void ab initio given it was done with prejudice. See  **Costello v. United States, 365 U.S. 265, 285 (1961)** (dismissal for lack of subject matter jurisdiction must be without prejudice.).

## 12.   2:03cv1133 PGC, Lundahl vs Eli Lilly & Co, et al. (UT, June 2004).

Judge Benson admits in his prefiling order that this case was dismissed without prejudice to be heard in Lundahl pending bankruptcy appeal case no. 2:04cv46 Lundahl vs Eli Lilly & Co, et al.

## 13.   2:04cv46 Lundahl vs Eli Lilly & Co, et al. (UT, 9-1-2004).

The relevant parts of this dismissal order is attached hereto as exhibit "8".

This adversary proceeding removed two merged California tort lawsuits against ELI LILLY, et al.  to the Utah Bankruptcy court where Lundahl intended the merged cases be heard on their merits – after remand by the 9th Circuit court of appeals in September of 2002 as appeal no. 98-56850  on the basis that the financially conflicted California trial court had not entered a final judgment as to all parties in the action. [see exhibit "9" attached for appellate order].

Lundahl  was in the process of  prosecuting this adversary proceeding when **Bankruptcy Judge William Thurman dismissed LUNDAHL's bankruptcy case on .December 19, 2003 and subsequently dismissed this adversary proceeding**

**without prejudice for lack of residual subject matter jurisdiction under the bankruptcy code.** The dismissal order was appealed to Utah federal District Court Judge Paul Cassel. On September 1, 2004, **Utah Judge Paul Cassel affirmed dismissal of the adversary proceeding without prejudice for lack of residual subject matter jurisdiction under the bankruptcy code.** See exhibit "8" attached for this jurisdictional ruling.

      **14.**  **2:04cv84 Lundahl vs CNA Find, et al. (UT, 2004).** The relevant parts of this dismissal order is attached hereto as exhibit "10".

This action sued CNA insurance for failure to provide LUNDAHL counsel to prosecute a theft / conversion of title to real property and a residence LUNDAHL owned and stolen/converted by certain private tortfeasors; all in violation of an injunction order issued by a state judge. CNA Insurance was LUNDAHL's title insurer as well as homeowners insurer.

Lundahl was in the process of prosecuting this adversary proceeding when **Bankruptcy Judge William Thurman dismissed LUNDAHL's bankruptcy case on December 19, 2003 and subsequently dismissed this adversary proceeding without prejudice for lack of residual subject matter jurisdiction under the bankruptcy code.** The dismissal order was appealed to Utah federal District Court Judge Paul Cassel. On September 1, 2004, **Utah Judge Paul Cassel affirmed dismissal of the adversary proceeding without prejudice for lack of residual subject matter jurisdiction under the bankruptcy code** ursuant to *In re Smith,* 866 F.2d at 580; In re Querner, 7 F.3d 1199, 1201-02 (5th Cir.1993); In re Morris, 950 F.2d 1531, 1533 (11th Cir. 1992). See exhibit "10" attached for this jurisdictional ruling.

      **15.**  **2:04cv85 Lundahl vs Lewis, et al. (UT, 2004).** The relevant parts of this dismissal order is attached hereto as exhibit "11".

This action was brought under the Ex Parte Young Doctrine against a state judge Leslie Lewis and her clerk. Specifically in 2002 LUNDAHL obtained a default judgment against one Anne Kunze for tortious interference with Lundahl's contract rights with respect to a tenant subleasing a room in LUNDAHL's Utah home. More than a year after the default judgment had been entered and upon an ex parte communication with the opposing party's attorney firend, Judge Leslie Lewis directed her clerk to vacate the default judgment without the filing of any rule 60(b) papers justifying the illegal vacation of any default judgment and without giving Plaintiff LUNDAHL the right to object. LUNDAHL filed an adversary proceeding to obtain a declaratory decree that Judge Lewis' ex parte actions were illegal and an injunction forcing Judge Lewis to reinstate the default judgment.

Lundahl was in the process of prosecuting this adversary proceeding when **Bankruptcy Judge William Thurman dismissed LUNDAHL's bankruptcy case on December 19, 2003 and subsequently dismissed this adversary proceeding without prejudice for lack of residual subject matter jurisdiction under the bankruptcy code.** The dismissal order was appealed to Utah federal District Court Judge Paul Cassel. On September 1, 2004, **Utah Judge Paul Cassel -- AFTER acknowledging that he lacked residual subject matter jurisdiction over the adversary proceeding and that the bankruptcy judge had accordingly dismissed**

the adversary proceeding without prejudice for lack of residual subject matter jurisdiction,   then reversed the dismissal without prejudice to a prejudicial dismissal by falsely claiming that LUNDAHL had sued the judge and the clerk for money damages and therefore these officials were entitled to absolute and quasi judicial immunity.  See exhibit "11" attached for this jurisdictional ruling.   LUNDAHL objected to the ruling as she had not sued these officials for money damages. Judge Cassell never addressed  LUNDAHL's post judgment motions.

It is clear that the purpose of the void and false ruling was to bar LUNDAHL from suing the state judge and her clerk again in their sovereign capacities. Nevertheless **as  affirmed by the 9th circuit in Ruiz Snohomish County Public Utility Dist.,  no. 14-35030  (9th Cir. 2016), the court's improper merits ruling may not be given credit.  Holding in part:**

citing Restatement (Second) of Judgments ("Restatement") § 20(1) (1982) ("A personal judgment for the defendant, although final, does not bar another action by the plaintiff on the same claim: (a) When the judgment is one of dismissal for lack of jurisdiction." . . irrespective that the judgment  was also combined with a merits ruling.).  See too 18A Charles Alan Wright et al., Federal Practice and Procedure: Jurisdiction ("Federal Practice") § 4436, at 154, 168–70 (2d ed. 2002) (Judgment dismissing action  for lack of jurisdiction cannot concurrently or subsequently reach a   merits ruling and be given credit.)   See Restatement § 20 cmt. e ("A dismissal may be based on two or more determinations, at least one of which, standing alone, would not render the judgment a bar to another action on the same claim. In such a case, . . . it should not operate as a bar . . . [e]ven if another of the determinations, standing alone, would render the judgment a bar . . . .").  Accord in Pizlo v. Bethlehem Steel Corp., 884 F.2d 116, 119 (4th Cir. 1989)  and  Bunker Ramo Corp. v. United Bus. Forms, Inc., 713 F.2d 1272, 1279 (7th Cir. 1983) ("**Once a court expresses the view that it lacks jurisdiction,  the court thereafter does not have the power to rule on any other matter.);**   The court's order here clearly violated  Supreme Court precedent in Sinochem, 549 U.S. At 430–31 (a court may not reach the merits of an action until it properly acquires jurisdiction to rule).  Here, the district court improperly assumed jurisdiction over the statute of limitations question.   For the foregoing reasons,  we reverse the judgment of the district court  for lack of jurisdictional footing.

Because the court's merits ruling was made AFTER Judge Cassell acknowledged that he lacked subject matter jurisdiction over the adversary proceeding, Judge Cassell's false finding and rule that Plaintiff LUNDAHL failed to state a money damages claim against these judicial officials on the alleged basis of judicial immunity, may not be given credit and must be declared VOID in any subsequent proceeding because the district court lacked the power to make such a knowingly false ruling.


**17.   2:04cv86 Lundahl vs CNA Ins, et al. (UT, 2004).**   The relevant parts of  this dismissal order is attached hereto  as exhibit "12".

This action involved a car accident wherein HOLLI  was rear ended   by a commercial vehicle failing to stop at a red light.  CNA was both the auto insurer for Hotsy Corporation and HOLLI's auto insurer.  The action was originally brought in state

court and removed to the federal court during HOLLI's bankruptcy case.

Lundahl was in the process of prosecuting this adversary proceeding when **Bankruptcy Judge William Thurman dismissed LUNDAHL's bankruptcy case on December 19, 2003 and subsequently dismissed this adversary proceeding without prejudice for lack of residual subject matter jurisdiction under the bankruptcy code.** The dismissal order was appealed to Utah federal District Court Judge Paul Cassel. On September 1, 2004, **Utah Judge Paul Cassel affirmed the dismissal of the adversary proceeding without prejudice by the Bankruptcy Judge for lack of residual subject matter jurisdiction GIVEN the bankruptcy judge dismissed Holli's main bankruptcy case** citing *In re Smith,* 866 F.2d at 580; In re Querner, 7 F.3d 1199, 1201-02 (5th Cir.1993); In re Morris, 950 F.2d 1531, 1533 (11th Cir. 1992). **Judge Cassell also purported to remand the action back to the state court but never certified the remand order,** thus leaving the case forever lingering in the federal court system. See exhibit "12" attached for dismissal / remand order.


**18.    2:04cv87  Lundahl vs Firemans Fund Ins  Co, et al.   (UT, 2004).** The relevant parts of this dismissal order is attached hereto as exhibit "13".

This action was brought against a premise liability carrier for the theft and conversion of Plaintiff's stored personal properties by the owner of the storage premises through an illegal locket out. No rental payments were in arrears at the time of conversion. It was admitted during the prosecution that the reason for conversion of Plaintiffs stored properties was to destroy Plaintiff's litigation evidence against ELI LILLY and Company as well as LILLY's corporate malfeasance insurers to include Wells Fargo Bank and US Bank. Lundahl sought a declaratory decree re the intentional spoliation and destruction of evidence as well as money damages.

What Lundahl was in the process of obtaining these declarations and money damages, **Bankruptcy Judge William Thurman dismissed LUNDAHL's bankruptcy case on December 19, 2003 and subsequently dismissed this adversary proceeding without prejudice for lack of residual subject matter jurisdiction under the bankruptcy code.** The dismissal order was appealed to Utah federal District Court Judge Paul Cassel. On September 1, 2004, **Utah Judge Paul Cassel affirmed the dismissal of the adversary proceeding without prejudice by the Bankruptcy Judge for lack of residual subject matter jurisdiction GIVEN the bankruptcy judge had dismissed Holli's main bankruptcy case** citing *In re Smith,* 866 F.2d at 580; In re Querner, 7 F.3d 1199, 1201-02 (5th Cir.1993); In re Morris, 950 F.2d 1531, 1533 (11th Cir. 1992). **Judge Cassell also purported to remand the action back to the state court but never certified the remand order,** thus leaving the case forever lingering in the federal court system. See exhibit "13" attached for dismissal / remand order.


**19.    2::04cv88  Lundahl vs  Murdock, et al. (UT,  2004).** The relevant parts of this dismissal order is attached hereto as exhibit "14".

This action sued Murdock, Ell LILLY and other co-conspirators for newly accrued RICO and personal injury claims deriving from LUNDAHL's continued

criminal prosecutions fraudulently orchestrated by ELI LILLY's attorneys.

Lundahl was in the process of prosecuting this adversary proceeding when **Bankruptcy Judge William Thurman dismissed LUNDAHL's bankruptcy case on December 19, 2003 and subsequently dismissed this adversary proceeding without prejudice for lack of residual subject matter jurisdiction under the bankruptcy code.** The dismissal order was appealed to Utah federal District Court Judge Paul Cassel. On September 1, 2004, **Utah Judge Paul Cassel affirmed dismissal of the adversary proceeding without prejudice for lack of residual subject matter jurisdiction under the bankruptcy code** pursuant to *In re Smith,* 866 F.2d at 580; In re Querner, 7 F.3d 1199, 1201-02 (5th Cir.1993); In re Morris, 950 F.2d 1531, 1533 (11th Cir. 1992). See exhibit "14" attached for this jurisdictional ruling.

**20.** **2:04cv89 Lundahl vs Robbins, et al. (UT, 2004).** The relevant parts of this dismissal order is attached hereto as exhibit "15".

This adversary proceeding was created out of the removal of Utah federal district court case no. 2:97-cv-951 TC consolidated with 2:98-cv-639 TC. The crux of this RICO / personal injury case was a suit against IRS officers and ELI LILLY for beating HOLLI up at a discovery proceeding propounded by ELI LILLY's attorneys and thereafter injecting HOLLI with a tampered drug which in combination resulted in HOLLI's comatotic and paralyzed condition ; all acts taken for the purpose of getting rid of HOLLI as a party and witness against ELI LILLY.

Because of the severity of HOLLI's injuries, the IRS charged HOLLI with counter assaults on their persons. Attached hereto as exhibit "16" is the transcript of the brief testimonies of the IRS officials at a criminal jury trial propounded by the IRS and ELI LILLY against HOLLI in 1996 and containing party and judicial admissions as to the severity of Holli's injuries. The assault accusations against HOLLI occurred immediately after HOLLI succumbed to a coma and HOLLI was simultaneously admitted into the federal detention center in Los Angeles in this comatotic condition -- to answer the fabricated charges of Assault by IRS officers and ELI LILLY. Attached hereto as exhibit "17" is HOLLI's admission report into the federal Metropolitan detention center showing HOLLI's comatotic and paralysis injuries. Two IRS officers claimed HOLLI assaulted them by biting them on their hands. Pursuant to testimony at trial, a federal nurse examined the bite injuries under a microscope and could find no broken skin. See pg 5 of exhibit "16" attached. Because there was no evidence of any injuries inflicted upon the IRS agents by HOLLI, the jury took 5 minutes to acquit HOLLI of a 40 year prison term and a $500,000 fine. See exhibit "18" attached for the jury verdict.

Before the IRS and personal injury tort action was removed to the bankruptcy court, Judge Tena Campell fraudulently granted the government's motion to dismiss HOLLI's FTCA claim for alleged failure to engage the administrative process. HOLLI submitted her uncontested testimony during the criminal trial attesting that she had caused her administrative FTCA claim against the USA to be served upon the US Attorneys office during her criminal trial. See exhibit "19" for Holli's testimony. The US Attorney prosecuting that criminal action did not deny this service. Tena Campell then stayed 2:97-Cv-951 TC consolidated with 2:98-cv-639 – to investigate into irregularities which HOLLI contended included perjury by the Government and substantial financial

14

interests by Judge Campbell in the defendant's companies appearing before her bar. See exhibit "20" attached for stay order.

From the time Judge Tena Campbell entered her stay order on July 13, 1999, the Government in conspiracy with the private party defendants sought to steal title to HOLLI's then Utah home of 18 years by foreclosing on the home. See deed as exhibit "21" attached hereto. The IRS and ELI LILLY also constructed false and void debts against HOLLI that had been adjudicated in HOLLI's favor from 1991 to 1996. Consequently, HOLLI was forced to file bankruptcy in January 2003 to preserve what little assets she had left. Upon HOLLI filing bankruptcy, the IRS and ELI LILLY recorded their fraudulent and void debts. See exhibit "22" attached for creditors matrix. Accordingly to vacate the stay order, LUNDAHL removed 2:97-Cv-951 TC consolidated with 2:98-cv-639 to the bankruptcy court as Adversary Proceeding no. 03-2401. See removal docket as exhibit "23" attached.

A confirmation Hearing was conducted on June 11, 2003. On June 12, 2003 the first properly assigned bankruptcy judge issued a confirmation order confirming Holli's amended chapter 13 plan. See exhibit "23" attached.

Lundahl was in the process of prosecuting this adversary proceeding when **Bankruptcy Judge William Thurman dismissed LUNDAHL's bankruptcy case on December 19, 2003, entered a final judgment dismissing the bankruptcy case on 1/9/2004 and subsequently dismissed this adversary proceeding without prejudice for lack of residual subject matter jurisdiction under the bankruptcy code.** See bankruptcy docket attached hereto as exhibit "24" for final dismissal judgment. The dismissal order was appealed to Utah federal District Court Judge Paul Cassel. On September 1, 2004, Utah **Judge Paul Cassel affirmed dismissal of the adversary proceeding without prejudice for lack of residual subject matter jurisdiction under the bankruptcy code** pursuant to *In re Smith,* 866 F.2d at 580; In re Querner, 7 F.3d 1199, 1201-02 (5th Cir.1993); In re Morris, 950 F.2d 1531, 1533 (11th Cir. 1992). Refer back to exhibit "15" attached for this jurisdictional ruling.

Although the first bankruptcy judge entered disallowance injunctions against ELI LILLY and the IRS' debts (refer back to exhibit "23" attached), LUNDAHL's Utah home identified in exhibit "21" attached was foreclosed upon in violation of LUNDAHL's due process rights leaving LUNDAHL a money damages claim against the mortgagor.

### 21.   <u>2:97cv 993, Four Acres Mobile, et al. vs. Lundahl (UT, 2004).</u>

Judge Benson admitted in his prefiling injunction that this action was dismissed without prejudice for lack of residual subject matter jurisdiction after dismissal of the main bankruptcy case in an interlocutory order on December 19, 2003. Judge Benson also admitted that the case was not remanded because the state court had proceeded on an eviction action in spite of the pending bankruptcy case and therefore there was no longer any state case pending.

### 22.   <u>2:98cv639, Lundahl, et al. vs USA, et al.. (UT, 2004).</u>  The
relevant parts of this dismissal order is attached hereto as exhibit "15".

As admitted by Judge Benson, this action was consolidated with 2:97-

cv-951, removed to the bankruptcy court as Adversary Proceeding no. 03-2401, dismissed without prejudice for lack of residual  subject matter jurisdiction because of the dismissal of Lundahl's main bankruptcy case by interlocutory order on December 19, 2003, appealed to the Utah federal district court of Paul Cassell as District court case no. **2:04cv89,  Lundahl vs Robbins, et al.** (UT, 2004) as identified in case **# 20, supra,  and which dismissal without prejudice for lack of residual subject matter jurisdiction was affirmed by Judge  Paul Cassell on September 1, 2004.** Refer back to exhibit "15" attached.

**23.   2:99cv15  Lundahl, et al. vs Compton, et al.,** The relevant parts of  this dismissal order is attached hereto  as exhibit "15".

This action was dismissed by a Utah district court in 2002 because the second amended complaint did not comply with the magistrates order which violated due process in restricting plaintiff's gravamen  RICO claim.   LUNDAHL removed this action to the bankruptcy court in 2003 as part of Adversary proceeding no. 03-2401,  to seek equitable relief from the judge's dismissal order which was based on perjury by COMPTON's attorneys.

Bankruptcy  Judge  William Thurman entered  an  interlocutory  order dismissing LUNDAHL's bankruptcy case on December 19, 2003 and which was affirmed by final judgment on January 9, 2004.  Refer back to exhibit "24" attached.    Judge Thurman then subsequently dismissed adversary proceeding no. 03-2401 for lack of residual subject matter jurisdiction.  LUNDAHL appealed the dismissal judgment to the District Court as Utah  appeal case. no. **2:04cv89.**  On September 1, 2004, **Utah Judge Paul Cassel affirmed dismissal of the adversary proceeding without prejudice for lack of residual subject matter jurisdiction under the bankruptcy code** pursuant to  *In re Smith,* 866 F.2d at 580;  In re Querner, 7 F.3d 1199, 1201-02 (5th Cir.1993); In re Morris, 950 F.2d 1531, 1533 (11th Cir. 1992).  Refer back to  exhibit "15" attached for this jurisdictional ruling.

**24.   2:98cv261,  Telford v.  Lundahl, et al.  (UT, 1998).**

As admitted by Judge Benson,  Lundahl was a defendant in this removed action, not a plaintiff.  LUNDAHL filed a motion to remand for failure of the plaintiff to state a federal claim to support removal.   Judge Benson granted Lundahl's motion to remand for lack of subject matter jurisdiction in the federal courts.

Plaintiff Holli Telford heretofore requests that this court take judicial notice of the foregoing facts and dispositions of the cases referenced in Judge Dee Benson's 2004 filing injunction as a basis for declaring the Dee Benson Order VOID as a matter of law.

Dated:   February 10, 2018

Holli Telford

Certificate of Service
Holli verifies that this pleading will be served on the parties through the ECF filing  system.

16