UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MARTY NOBLE and HOLLI TELFORD,<br><br>             Plaintiffs,<br><br>  vs.<br><br>AMERICAN NATIONAL PROPERTY & CASUALTY INSURANCE CO; BOARDWALK PROPERTY MANAGEMENT CO.; KEVIN WEST; LEHI OASIS, LLC; DAVID L PARKER; AUSTIN B. CALES; JARED ELDRIGE in his official capacity; LARRY DEITER in his official capacity as Director for the Division of Insurance for the state of South Dakota; ROBERT J. POULSEN and POULSEN & SKOUSEN,<br><br>             Defendants. | CIV. 17-5088-JLV<br><br><br>ORDER |

Plaintiffs Holli Telford and Marty Noble, appearing *pro se*, filed this action against the defendants. (Docket 8). The verified amended complaint includes wide-ranging allegations, and plaintiffs contend a variety of federal and state laws support their case. Id. The court granted all defendants' motions to dismiss the complaint. (Docket 88). The court's order imposed filing restrictions on plaintiff Holli Telford because the court determined she "is a vexatious litigant and her litigation activities are in fact abusive, harmful, and intended to harass and annoy both the parties she names in her lawsuits and the entire judicial system she purports to invoke." Id. at p. 27 (internal quotation marks omitted). Plaintiffs filed a motion seeking relief under Rule

59(e) of the Federal Rules of Civil Procedure, alleging the court should vacate its dismissal of defendants and "employ criminal procedures[.]" (Dockets 91 at p. 1). One day after the motion, plaintiffs filed their notice of appeal.[1] (Docket 92). Plaintiffs also submitted motions to proceed *in forma pauperis* on appeal and to seal documents. (Docket 93).

Rule 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court entered judgment in this case on February 26, 2018, and 28 days after that date is March 26, 2018. (Docket 89). Plaintiffs filed their Rule 59(e) motion on March 27, 2018, which is one day late. (Docket 91). Despite plaintiffs dating their motion March 26, 2018, they delivered the hard copy of the motion to the clerk of court's office on March 27, 2018, and the motion was filed electronically that same day. The court denies plaintiffs' Rule 59(e) motion because it is not timely.

As an additional basis for denying plaintiffs' Rule 59(e) motion, the court finds the motion fails to meet the applicable legal standard. "Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." Chapman v. Hiland Partners GP Holdings, LLC, 862 F.3d 1103, 1110-11 (8th Cir. 2017) (quoting Innovative Home Health Care, Inc. v. P.T.–O.T. Assocs. of

---

[1] Although plaintiffs filed notice of appeal, the court has jurisdiction over their motion for reconsideration. See Fed. R. App. Proc. 4(a)(4); Miller v. Marriott Int'l, Inc., 300 F.3d 1061, 1063 (9th Cir. 2002); Square D Co. v. Fastrak Softworks, Inc., 107 F.3d 448, 450 (7th Cir. 1997).

the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)).  "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.' " United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)).  " 'Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.' " Id. (quoting Hagerman, 839 F.2d at 414).  District courts have broad discretion when considering whether to grant a motion to amend or alter a judgment under Rule 59(e).  Id.  Plaintiffs' submissions fail to demonstrate "manifest errors of law or fact or [ ] newly discovered evidence." Id. (internal quotation marks omitted).  Instead, plaintiffs "tender new legal theories, or raise arguments which could have been offered or raised prior to entry of final judgment." Id. (internal quotation marks omitted).

To the extent plaintiffs' request "to employ criminal procedures" is an action this court may take, the court declines to do so.  (Docket 91 at p. 1). Plaintiffs take issue with the aspect of the court's order imposing filing restrictions that explore multiple courts' concerns regarding Ms. Telford's alleged residences.  (Docket 88 at pp. 21-24).  The court did not conclusively determine whether Ms. Telford claimed false residences or committed fraud on the court.  Id. at pp. 25-26.  The court provided an explanation of the grounds for restricting Ms. Telford's ability to file new cases.  Id. at pp. 19-28.  Despite

3

plaintiffs' contentions, the court has not imposed any criminal punishment on Ms. Telford. (Docket 91 at pp. 1-5). The court denies plaintiffs' request "to employ criminal procedures[.]" Id. at p. 1.

Finally, plaintiffs filed motions to proceed *in forma pauperis* on appeal and to seal documents. (Docket 93). Plaintiffs are non-prisoners who have not previously been granted leave to proceed *in forma pauperis* in this matter. The court denies plaintiffs' request to file certain documents under seal. (Dockets 93 & 93-1). Under local rule, this court seals filings in civil cases containing certain information. D.S.D. Civ. LR 5.2. Plaintiffs' proposed sealed documents do not contain that sort of information and the court does not find a basis for sealing the submission. In fact, they are the sort of court documents that are routinely not filed under seal, and that has been the practice in the cases Ms. Telford personally filed in the District of South Dakota. CIV. 17-5069, Docket 4; CIV. 17-5042, Docket 3; CIV. 16-3033, Docket 13.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3) (emphasis added). "Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant." Maddox v. Chisago Cnty. Sheriff Office, No. 10-CV- 2133, 2010 WL 3119393, at *2 (D. Minn. Aug. 5, 2010) (citing Coppedge v. United States, 369 U.S. 438, 444-45 (1962)). In determining whether an appeal is taken in good faith, the court must decide "whether the claims to be decided on appeal are factually or legally frivolous."

Id. (citing Coppedge, 369 U.S. at 444-45). "An appeal is frivolous, and therefore cannot be taken in good faith, 'where it lacks an arguable basis either in law or in fact.'" Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

The court determined plaintiffs' amended complaint must be dismissed pursuant to Rule 12(b)(1) & (6) because it failed to state a plausible claim upon which relief can be granted and the court lacked subject matter jurisdiction against certain defendants. (Docket 88 at pp. 14-19). The court finds plaintiffs' appeal "lacks an arguable basis either in law or in fact," Neitzke, 490 U.S. at 325 and, therefore, an appeal cannot be taken in good faith.

Based on the above analysis, it is

ORDERED that plaintiffs' motion related to Rule 59(e) and "criminal procedures" (Docket 91) is denied.

IT IS FURTHER ORDERED that plaintiffs' motion to seal (Docket 93) is denied.

IT IS FURTHER ORDERED that plaintiffs' motion to proceed *in forma pauperis* on appeal (Docket 93) is denied. Plaintiffs are responsible for paying the appellate filing fee.

Dated April 12, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE